JOSIAH BRUCE *vs.* MILES SIDELINGER.

Lincoln.    Opinion February 11, 1890.

*Lumber.   Bark.   Sale.   Survey.   R. S., c.* 41.

The statute, which requires lumber of any kind to be surveyed or measured
to ascertain its quantity, does not apply to labor in any way expended on
lumber, though to be paid for according to the thousands or cords of such
lumber;—it applies only to sales of lumber.

ON EXCEPTIONS.

At the trial before the jury, the plaintiff was permitted to
testify, against the defendant's objection, to his own measure-
ment of the bark peeled and hauled, and his own survey of the
logs hauled.   The bark and logs were taken from the land of the
defendant, under a written contract between the parties, by
which the plaintiff in consideration of his services for cutting,
peeling and hauling was to be paid at certain stated prices per
cord of bark, and thousand feet of logs, respectively.

The plaintiff did not offer evidence of a measurement by a
sworn surveyor.

The presiding justice instructed the jury, in substance, that
the statute which provides for measuring by a sworn surveyor did
not apply in the case, and that the plaintiff might prove, by any
legitimate evidence satisfactory to the jury, the amount of bark
and logs which he cut and hauled under the contract.

There was a verdict for the plaintiff.   The defendant ex-
cepted to the admission of the evidence and the instructions to
the jury.

*G. B. Sawyer*, for defendant.

*L. M. Staples*, for plaintiff.

PETERS, C. J.   The plaintiff sued for his services in peeling
bark, cutting logs, and hauling the bark and logs to a place of
delivery.   He was to be paid by the cord for peeling and hauling
the bark, and by the thousands of feet for the work on the lum-

ber.   He was allowed to testify to a measurement of the bark
and a survey of the lumber made by himself.   The defendant
contends that the quantities should have been proved by a sworn
surveyor, or by the certificate of a sworn surveyor.   That cannot
be.   The statute which requires sworn officers to make surveys
and measurements, distinctly and in terms relates to sales only.
Work upon lumber is a very different thing from a sale of lumber.
The construction which the defendant invokes would be im-
practicable in its operation.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., con-
curred.